UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| INSURANCE COMPANY OF THE WEST, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. C-10-390 |
| | § § | |
| H&G CONTRACTORS, INC., *et al*, | § § | |
| Defendants. | § | |

## **ORDER**

For the reasons set forth below, this Court hereby DISMISSES the above-styled action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff filed its Original Complaint in this Court on December 3, 2010. (D.E. 1.) The Court scheduled an Initial Pretrial Conference ("IPTC") for January 13, 2011. (D.E. 2.) At the January 13 IPTC, counsel of record for Plaintiff failed to appear, and instead another attorney who had not entered an appearance in the case made an announcement on Plaintiff's behalf. This Court's Order for Conference and Disclosure of Interested Parties provides "[a]ttendance by an attorney who has authority to bind the party is required at the conference." (D.E. 2 ¶ 7.) Counsel of record failed to file a motion for a continuance or to otherwise inform the Court of his inability to attend the IPTC, and the attorney who purportedly appeared in his place had neither filed a notice of appearance nor had the requisite knowledge of the case required to discuss it completely at the IPTC. Notably, counsel could not even inform the Court as to whether he had served Defendants with this Court's Order for Conference.

In addition to counsel of record's failure to appear at the IPTC, the Court also notes that no report as required by Federal Rule of Civil Procedure 26(f) has been filed, and that Defendant H & G Contractors, Inc. has not yet been served.

It is well established that "[a] district court sua sponte may dismiss an action for failure to prosecute or to comply with any court order." Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); see also Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1167 (5th Cir. 1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute … [a district court may] sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.") (internal citations omitted); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). This Court's Order for Conference similarly provides, "[f]ailure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs." (D.E. 2 ¶ 10.)

In light of the fact that Plaintiff's counsel of record failed to appear at the IPTC, failed to produce a Rule 26(f) Report, and so far failed to serve Defendant H & G Contractors, the Court hereby DISMISSES Plaintiff's action in its entirety, for failure to prosecute.

SIGNED and ORDERED this 13th day of January, 2011.

_____
Janis Graham Jack
United States District Judge